**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROBERT E. COTNER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-CV-0653-CVE-TLW** |
| | ) | |
| **WALTER DINWIDDIE, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

On October 2, 2009, Petitioner, a state prisoner appearing *pro se*, submitted for filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). By Order filed October 9, 2009 (Dkt. # 3), the Court denied Petitioner's motion to proceed *in forma pauperis* and directed him to pay the $5.00 filing fee on or before November 8, 2009. The Court also directed Petitioner to show cause why this matter should not be dismissed based on his failure to comply with filing restrictions imposed by this Court. Petitioner was further directed to demonstrate that he is "in custody" pursuant to the challenged conviction. On October 22, 2009, Petitioner filed a response to the Court's Order (Dkt. # 5), a brief in support of his petition (Dkt. # 6), and a notice to the Court concerning the filing fee (Dkt. # 7). On October 23, 2009, Petitioner filed another response to the Court's Order (Dkt. # 4). On November 9, 2009, Petitioner paid the $5.00 filing fee.

The Court finds that Petitioner has failed to demonstrate good cause for his failure to comply with filing restrictions imposed by this Court. Those restrictions require, *inter alia*, that Petitioner be represented by counsel or receive leave from the Chief Judge before filing any *pro se* action in

this District Court.[1]  Petitioner is proceeding *pro se* in this matter and did not receive leave of Court

before filing this petition.  For that reason, this action shall be dismissed without prejudice.

The Court further finds that even if Petitioner had sought leave of Court before filing this

action, his request would have been denied because Petitioner cannot demonstrate that he is "in

custody" pursuant to the challenged conviction.  See 28 U.S.C. § 2254(a) (requiring that a habeas

applicant be "in custody" pursuant to the challenged conviction).   In his petition, Petitioner states

he is challenging a conviction entered in Tulsa County District Court, Case No. CRF-76-1099.  He

also states that judgment was entered on September 20, 1976, and that he was sentenced to "3 years"

for "Statutory Rape, 2nd degree." See Dkt. # 1.  In his show cause response (Dkt. # 5), Petitioner

states that the challenged conviction was used "as a basis to get a conviction in the 1991 case."[2]

Petitioner further states that the 1976 conviction was used "to raise the range of punishment from

5 years to life" for his current sentence.  Thus, Petitioner's argument is that he is currently "in

custody" pursuant to the 1976 conviction because it was used to improperly enhance his sentences

---

[1]Any motion to proceed *pro se* must contain the following: a list of all current and previous lawsuits filed with this District Court, a list of all restrictions on Petitioner's ability to file suit in federal court, and a notarized affidavit reciting the issues presented as well as certifying Petitioner's good faith in filing the action.  See N.D. Okla. Case No. 02-CV-702-SEH, Dkt. # 32. Although Petitioner characterizes the requirements for a motion to proceed *pro se* as "impossible to meet," see Dkt. # 5, the Court disagrees. The Court notes that the Clerk of Court has in the past provided Petitioner with a list of the 55 lawsuits he had filed in this District Court from 1975 through February 5, 2007. While that list is long and Petitioner has been restricted from filing lawsuits in multiple federal courts, including the United States Supreme Court, those factors result from Petitioner's history of abusive litigation and refusal to comply with rules governing litigation in federal court. If Petitioner were to file a motion to proceed *pro se* in compliance with the Court's Order and include a notarized affidavit certifying Petitioner's good faith and identifying a non-frivolous claim, he would be allowed to proceed *pro se*.

[2]Petitioner is presently in custody pursuant to convictions entered in Creek County District Court, Case No. CRF-91-194.

entered in Creek County District Court, Case No. CRF-91-194. As advised in the prior Order, see Dkt. # 3, Petitioner cannot directly challenge via habeas corpus the validity of a discharged conviction used to enhance a subsequent conviction.  See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001) (citing Maleng v. Cook, 490 U.S. 488, 492 (1989)).  Therefore, Petitioner cannot proceed with a habeas corpus action directly challenging his 1976 conviction because he is no longer "in custody" pursuant to that conviction.

**ACCORDINGLY, IT IS HEREBY ORDERED** that this habeas corpus action is dismissed without prejudice based on Petitioner's failure to comply with filing restrictions previously imposed by this Court.

**DATED** this 10th day of November, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT